JOHN RIST v. STATE OF MISSISSIPPI.

[47 South. 433.]

93   841
94   862

CRIMINAL LAW AND PROCEDURE. *Arson. Capital crime.*[*] *Code* 1906, § 1036. *Nighttime essential.*

A defendant indicted under Code 1906, § 1036, making it a capital felony to burn in the nighttime any house, etc., in which there shall be at the time some human being usually staying, lodging or residing at night, cannot be convicted unless the house was set on fire in the nighttime.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Rist, appellant, was indicted, tried and convicted of capital arson and appealed to the supreme court. The opinion of the court states the case.

*L. H. McGehee,* for appellant.

*George Butler,* assistant attorney general, for appellee.

[The reporter has been unable to find the briefs of counsel in this case; hence, no synopsis of either of them is given.]

WHITFIELD, C. J., delivered the opinion of the court.

The indictment in this case charges that John Rist burned a dwelling house of Dr. V. Simmons, etc., in the nighttime, following the language of the particular statute, to-wit, section 1036 of the Code of 1906. It will be observed that the punishment under section 1036 is either death or life imprisonment in the penitentiary. Where the burning of the dwelling house is in the daytime, under section 1037, the punishment is imprisonment in the penitentiary for not less than ten years.

This being the allegation in this indictment, founded on the particular statute named, the court refused the following instruction for the defendant: "The court instructs the jury, for the defendant, that if you believe from the evidence in this case that it was not dark when fire was set to this house, you cannot convict, even though you may believe that John Rist set fire to the house." Section 1036 is in the following words: "Every person who shall wilfully set fire to or burn in the nighttime any house, ship, vessel, railroad car or coach, or boat, in which there shall be at the time some human being usually staying, lodging, or residing at night, upon conviction thereof shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict." The indictment expressly charged that the defendant, "in the nighttime, set fire to and burned," thus charging expressly that both the setting of fire to the house and the burning of the house were in the nighttime, and consequently making it essential to prove both facts as charged. It was fatal error to refuse this instruction, under this particular indictment, founded on this particular statute.

*Reversed and remanded.*