ARMISTEAD COLEMAN V. STATE OF MISSISSIPPI.

[48 South. 181.]

1. CRIMINAL LAW AND PROCEDURE. *Code* 1906, § 1045. *Weapons, pointing or aiming at another. Indictment. Duplicity.*

An indictment predicated of Code 1906, § 1045, making it an offense to intentionally point *or* aim a gun, pistol, etc., at or towards another, is not double because it charges that defendant pointed *and* aimed a pistol at another.

2. SAME. *Statutory offenses. Construction. Alternatives.*

Where a statute makes punishable the doing of one thing "or" another, the person who in one transaction does all violates the statute but once, incurring but a single penalty, so that an indictment may properly allege in a single count that defendant did as·many of the forbidden things as the pleader chooses, employing the conjunction "and" where the statute uses "or," without subjecting the indictment to the charge of duplicity.

FROM the circuit court of Covington county.

HON. ROBERT L. BULLARD, Judge.

Coleman, appellant, was indicted, tried and convicted of having unlawfuly and intentionally pointed *and* aimed a pistol at and towards one Macqueen, not in necessary self-defense or in the lawful discharge of official duties, etc., and appealed to the supreme court. The indictment charged that Coleman "pointed and aimed" the pistol. On the trial the court below instructed the jury for the state to convict if they believed from the evidence beyond every reasonable doubt, etc., that defendant "pointed or aimed" the pistol, etc.

Code 1906, § 1045, of which the indictment was predicated is in these words:

1045. (969) THE SAME. *Pointing, aiming a gun, etc.*—Any person who shall .intentionally point or aim any gun, pistol, or fire-arm at or towards another, except in self-defense or in the lawful discharge of official duty, shall be punished by a fine of

not more than five hundred dollars, or imprisonment in the county jail not longer than six months, or both; and any person who shall discharge such fire-arms, so intentionally pointed or aimed, shall be punished by not exceeding double such fine or imprisonment or both; and any person who, by such discharge, shall maim, kill, or injure another shall be punished by imprisonment in the penitentiary not exceeding five years.

*Shannon & Street,* for appellant.

It will be noted that the indictment charges two offenses—one for pointing the pistol and the other for aiming it. The statute on which the indictment is founded, Code 1906, § 1045, provides that any one who shall intentionally point "or" aim—(not point "and" aim) shall be guilty, etc. So that when the grand jury saw fit to charge defendant with both offenses, to-wit, pointing "and" aiming, it put the burden upon the state of proving both offenses.

There is not a particle of testimony in the record that defendant aimed the pistol at or towards Macqueen. Indeed, it requires a strained construction of the testimony to say that it is sufficient to warrant a conviction on the charge of pointing the pistol at or toward him. About the most favorable testimony for the state on this point is that the pistol was pointed in the direction of Macqueen.

The case of *Rist v. State,* 93 Miss. 841, 47 South. 433, is authority for upholding our contention. There Rist was indicted for arson. And the court, through WHITFIELD, J., says: "The indictment expressly charged that the defendant, "in the nighttime, set fire to and burned," thus charging expressly that both the setting of fire to the house and the burning of the house were in the nighttime, and consequently making it essential to prove both facts as charged."

The only instruction the state asked for or was given authorized the jury to convict if it believed the defendant pointed "or" aimed. It is elementary that this was fatal error, when the

state caused the indictment to be returned charging pointing "and" aiming, it assumed the burden of proving pointing and aiming, and yet the court told the jury it might convict on testimony proving pointing or aiming.

*George Butler,* assistant attorney-general, for appellee.

The statute, Code 1906, § 1045, makes it a criminal offense to point or aim a gun at another, not in self-defense, etc., and prescribes the same punishment for the offense whether it be committed by pointing or by aiming. Both pointing and aiming are not necessary elements of the offense. The crime may consist of either or both. Should a person point the pistol he violates the statute and should he aim the pistol he transgresses the law, yet the two are so inter-related that should he do both he incurs but one penalty. A man can not aim a gun at another without pointing it at him and if he points it at him he aims it at him. The distinction is without difference. The offense is committed by the same criminal act.

The indictment was not double as drawn, and if it was the defect was waived by failure to demurrer, or to move the state for election. *Jimmerson v. State,* 93 Miss. 685, 46 South. 948; 1 Bishop, Crim. Proc. § 436, is conclusive of counsel's contention in this case.

FLETCHER, J., delivered the opinion of the court.

We do not think there is any substantial distinction between the terms "point" and "aim," as these words are employed in Code 1906, § 1045. Both words are used in the statute to convey precisely the same meaning; the offense consisting in intentionally so directing a gun or pistol as that its discharge will endanger human life. There is an evident distinction between this statute and the statute on the subject of arson, considered in *Rist v. State,* 93 Miss. 841, 47 South. 433.

Even if there were some real distinction between these practically synonymous expressions, no error was committed in the

trial of this case, since it is settled: "A statute often makes punishable the doing of one thing, or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all violates the statute but once, and incurs only one penalty Yet he violates it equally by doing one of the things Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction "and" where the statute has "or," and it will not be double, and it will be established at the trial by proof of any one of them." 1 Bishop's Criminal Proc. § 436. *Affirmed.*

