STATE OF MISSISSIPPI V. ISAAH CLARK.

[52 South. 691.]

1. CRIMINAL LAW AND PROCEDURE. *Mingling poison with food with intent to kill. Code 1906, § 1331. Indictment. Duplicity. Ownership of poison. Ownership of food or drink. Possession. Corpus delicti.*

Under Code 1906, § 1331, making it a felony to mingle poison with any food, drink or medicine, with intent to kill or injure any human being, an indictment charging the mingling of carbolic acid with whisky with intent to "kill and injure" a designated person:—

(a) Is not demurrable as charging two distinct offenses; and

(b) It need not charge ownership of the poison, or of the food, drink or medicine with which the poison was mingled; nor

(c) Need it charge that the food, drink or medicine mingled with the poison was in the possession of the person intended to be killed or injured; nor

(d) That said person was about or intended to eat or drink the same, since

(e) The *corpus delicti* consists of the mingling of the poison with the food, drink or medicine.

2. SAME. *Statutory crime. Indictment. Pleading.*

Where a statute makes it a crime to do one thing or another, and a person by one act does both of them, he violates the statute but once; and an indictment thereunder may in a single count charge the defendant with doing both, employing the conjunction "and" where the statute has "or," and it will not be double, and will be established at the trial by a proof of either.

FROM the circuit court of Holmes county.

HON. J. M. CASHIN, Judge.

Clark, appellee, was indicted, under Code 1906, § 1331, for mingling poison with whiskey with intent to kill or injure Mary Jane Clark. The appellee demurred to the indictment, and

from a judgment sustaining the demurrer the state appealed to the supreme court.

The indictment, omitting the formal parts, is in this language: "That Isaah Clark, in the said county, on the 11th day of March, 1910, unlawfully, wilfully, feloniously, and of his malice aforethought, did then and there mingle poison, to wit, carbolic acid, with a certain drink, whiskey, with intent then and there unlawfully, wilfully, feloniously, and of his malice aforethought, to kill and injure one Mary Jane Clark, a human being." The demurrer to the indictment assigned two grounds: first, that it charged two distinct offenses, mingling poison with a drink with intent to kill and mingling poison with a drink with intent to injure; second, that the indictment "does not show that said drink, to wit, whiskey, was the drink of Mary Jane Clark, nor that it was intended that she should drink the same nor that she was about to or intended to drink the same, nor that it was in her possession for any use whatsoever."

*Carl Fox,* assistant attorney-general, for appellant.

The statute under which appellee was indicted, Code 1906, § 1331, uses the words "kill or injure," while the indictment reads "kill and injure." Appellee demurred to the indictment on the ground that it charged two crimes: a mingling of the poison with intent to kill, and a mingling of the poison with intent to injure. It certainly was never intended by the legislature that the state should be required to choose between an intent to kill and an intent to injure, with so subtle a thing as poison. It would be a very different matter from proving an attempt to kill with a deadly weapon. 1 Bishop's New Crim. Proc. (4th ed.) §§ 436, 586; Bishop on Stat. Crimes (3rd ed.), § 244.

Taking up the second ground of demurrer, that is, that the indictment does not show that "the said drink of whiskey was

the drink of Mary Jane Clark; nor that it was intended for her to drink the same; nor that she was about to drink or intended to drink it," nothing like this was contemplated by Code 1906, § 1331. It makes no difference whose whiskey it was; nor is it necessary that the person for whom it was intended should be about to drink it, or have any knowledge of it. The offense defined by the statute is the mingling of poison with any food, drink, or medicine, with intent to kill or injure any human being.

*Tackett & Elmore,* for appellee.

It is not always sufficient for the indictment to charge a crime merely in the language of the statute concerned. This has been held with reference to Code 1906, § 1331, and likewise as to a number of other statutes. *Norton v. State,* 72 Miss. 128; *Rawls v. State,* 70 Miss. 739; *Sullivan v. State,* 67 Miss. 346; *State v. Bardwell,* 72 Miss. 535; *Taylor v. State,* 74 Miss. 544.

There are three statutory crimes for the protection of persons against malicious poisoning. If poison is administered with intent to kill and death follows, murder has been committed. If poison is administered and death does not ensue, the crime is punishable by Code 1906, § 1330. If poison is mingled with any drink, food or medicine but not taken, the crime is punishable under Code 1906, § 1331.

Under the indictment in this case if it should be shown on the trial that appellee, Clark, with intent to injure or kill Mary Jane Clark, mingled carbolic acid with whiskey in a vial which he put in his pocket and immediately after dashed the vial on the ground and scattered the whiskey and poison, he could be found guilty as charged in the indictment, though when he mingled the poison with the whiskey, the defendant was in Lexington, Mississippi, and Mary Jane Clark, the person designed against, was in Pekin, China.

Code 1906, § 1331, was enacted for the purpose of punishing the putting out of poison with a design that some person should take it; to punish an attempt to poison which should fall short of administering it. It would fall short of the crime of administering it as prohibited by Code 1906, § 1330, because the person to be poisoned failed to take it; and not because accused had not completed all that he had intended to do about it; that is, putting it out; laying it out or placing it.

That the statute does not apply to cases instanced by the above, appears from a comparison of Code 1906, § 1331, with the statute law on other dangerous agencies. For instance, men intending to kill procure a pistol and load it with cartridges with intent to kill or injure human beings a hundred times where they procure poison and mingle it with drink with intent to kill or injure once. Yet there is no statute against loading a pistol with intent to kill or injure. *Stokes v. State,* 92 Miss. 415.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The indictment is under section 1331, Code 1906, which is as follows: "Every person who shall mingle any poison with any food, drink, or medicine with intent to kill or injure any human being, or who shall wilfully poison any well, spring, or reservoir of water, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years, or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or both." Where a statute makes it a crime to do one thing or another, and a person by one act does both of the forbidden things, he violates the statute but once, and there is only one penalty; and an indictment under such a statute may in a single count charge the defendant with doing both of the forbidden things, "employing the conjunction 'and'

where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of either one of them." 1 Bishop, New Criminal Procedure (4th ed.) §§ 436, 586; Bishop on Statutory Crimes (3rd ed.) § 244.

Under this statute it is not necessary for the indictment to charge to whom the poison belonged, nor the food, drink, or medicine with which it is mingled, nor that it was in possession of the person for whom it was intended, nor that such person was about to or intended to drink the same. The *corpus delicti* consists in the mingling of the poison with the food, drink, or medicine. *Stanley v. State,* 82 Miss. 498, 34 South. 360. The indictment sufficiently charges the criminal purpose in mingling the poison and whiskey.

*Reversed and remanded.*