## 14677.  ABRAHAM *v*. THE STATE.

LUKE, J.  1.  " The crime of abandonment begins and continues as long as there is a failure on the part of the father to perform his parental duty, and consequent dependence of the child. . . The time when the original separation took place is entirely immaterial. . . The continuing dependency of the child vitalizes the offense." *Phelps* v. *State,* 10 *Ga. App.* 41, 43 (72 S. E. 524), and citations.

(a) Applying the above ruling to the facts of the instant case, which show, among other things, that the crime began in 1918, in a portion of Berrien county which was later, on January 1, 1919, converted into the county of Cook, and that the abandonment continued up until the finding of the indictment in October, 1919, there is no merit in that ground of the motion for a new trial which alleges that the defendant's

conviction was void because the indictment alleged that he committed the offense on the first day of October, 1918, in the county of Cook, and that this court will take judicial cognizance of the fact that Cook county was not created and organized until the 1st day of January, 1919.

2. The charge of the court, when considered as a whole, was not subject to any of the criticisms urged in the motion for a new trial.

3. The evidence authorized the verdict, which has the approval of the trial judge, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 25, 1923.

Indictment for abandonment of child; from Cook superior court — Judge Dickerson. May 12, 1923.

*R. A. Hendricks,* for plaintiff in error.

*J. D. Lovett, solicitor-general, John P. & Dewey Knight,* contra.