# PAGE *v.* STATE.

(Division B.   April 6, 1931.)

[133 So. 216.  No. 29422.]

A. L. Mars, of Philadelphia, for appellant.

Eugene B. Ethridge, Assistant Attorney-General, for the state.

Griffith, J., delivered the opinion of the court.

Appellant was indicted at the February, 1930, term of the circuit court of Neshoba county for a violation

of section 1, chapter 89, Laws (Ex. Sess.) 1928, section 861, Code 1930, which provides as follows: "Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony." The proof in behalf of the state shows that for the period beginning in the month of July, 1929, and extending to the month of February, 1930, the appellant, the father of the children, did neglect to provide for their support and maintenance, and that they were thereby left in destitute or necessitous circumstances, but beyond the fact of neglect there was no proof.

The terms of the statute are not fulfilled, however, by allegation and proof of neglect, but the further essential element in that respect is that the neglect shall be willful. That word in a statute such as this means that the neglect or refusal was with a stubborn purpose, and without justifiable excuse. Ousley v. State, 154 Miss. 451, 456, 122 So. 731. The state seems to concede this, but contends that excuse or justification is defensive, and that the burden in that respect was on appellant. No authority is cited by the state for that position, and we are of opinion that it is not tenable under this statute.

The rule is that the burden is on the state to prove every essential element of the crime charged; and the state must convict on testimony showing the guilt, not on the failure of the defendant to show his innocence. Owens v. State, 80 Miss. 499, 509, 32 So. 152; Hampton v. State, 99 Miss. 176, 186, 54 So. 722. This is not a case of a separate statutory defensive exception, or of a defense clearly and expressly placed by the statute on the defendant, or of a defense which involves substantive matter distinct and separable from the elements necessary to be charged in the indictment. Bennett v. State, 100 Miss. 684, 56 So. 777. These rules are sometimes thus summarized: The

burden of proof in criminal trials can be on the defendant only in respect to "an independent exculpatory fact."

Inasmuch as the evidence failed to show that the neglect was willful, which is to say that it was with a stubborn purpose and without justifiable excuse, the judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.