HORTON v. STATE.

(Division A. March 30, 1936.)

[166 So. 753. No. 32010.]

I. L. Sheffield, of Fulton, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction for child desertion under section 861 of the Code of 1930, which reads as follows: "Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony and on conviction thereof, shall be punished by a fine of not less than twenty-five dollars, nor more than five hundred dollars, or by imprisonment in the penitentiary not exceeding two years, or both, in the discretion of the court."

The appellant contends: (1) That the indictment does not charge an offense under the statute; (2) that the crime, if committed, was committed more than two years before the indictment, and therefore is barred under section 1194, Code 1930; and (3) that an instruction granted the state is erroneous.

The indictment alleges that the appellant, "being then and there the father and parent of E. S. Horton, Jr., a male child under 16 years of age, did wilfully, unlawfully and feloniously desert and neglect his said child, leaving said child in destitute and necessitous circumstances."

The appellant says that the gist of the offense is a willful failure to "provide for the support and maintenance" of the children and that the indictment should have so alleged. Of course, this is the gist of the offense, but nonsupport is necessarily included in the language of the indictment which conforms, in that respect, to the

statute. The statute states the offense defined by it in three alternatives:

(1) "Any parent who shall desert . . . his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony."

(2) "Any parent who shall . . . wilfully neglect . . . to provide for the support and maintenance of his or her child or children under the age of 16 years, . . . shall be guilty of a felony, and."

(3) "Any parent who shall . . . wilfully . . . refuse to provide for the support and maintenance of his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony."

To desert a child leaving it destitute implies its non-support. The use of the words "and neglect" in the indictment was unnecessary and constitutes mere surplusage.

The evidence for the state discloses that the appellant was living with his wife and children in Mississippi on and prior to October 17, 1931, on which date he took his wife and children, including E. S. Horton, Jr., to the home of his wife's father, and there left them without any means for their support, and without making any arrangements therefor. He then left the state, and did not thereafter contribute to their support until shortly before the finding of this indictment on February 26, 1935, and then only under compulsion by the chancery court.

The appellant further says that the desertion under this evidence occurred in October, 1931, more than two years before the finding of this indictment, and is therefore barred by limitations. The error in this contention is that the offense defined by the statute is a continuing one, Abraham v. State, 30 Ga. App. 658, 118 S. E. 761; and "where the offense is continuous, the statute of limi-

tations does not apply where some portion of the crime is within the period, although another portion thereof is not." 16 C. J. 225.

The instruction complained of is in the language of the indictment and is, therefore, unexceptionable.

Affirmed.