WILLIAMS *v.* STATE.

In Banc. Dec. 12, 1949

No. 37332 (43 So. (2d) 389)

Easterling & Easterling, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, C. J.**

The indictment in this case is drawn under Section 2087, Code of 1942, which provides that ''Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall

be guilty of a felony and on conviction thereof, shall be punished by a fine of not less than twenty-five dollars, nor more than five hundred dollars, or by imprisonment in the penitentiary not exceeding two years, or both, in the discretion of the court.''

Upon the return of the indictment against the appellant, T. Webber Williams, the case was transferred from the circuit court to the county court for trial, where the accused was convicted and sentenced to serve a term of eighteen months in the state penitentiary. From that judgment the appeal was taken direct to this Court under the provisions of Section 1616, Code of 1942.

The indictment does not charge the offense in the alternative, as could have been done under the above quoted statute, but it charges that defendant ''did unlawfully, wilfully and feloniously desert, neglect and refuse to provide for the support and maintenance'' of the defendant's child, Brenda Joyce Williams, seven years of age. Under the indictment and in the instructions to the jury in the county court, the State assumed a greater burden than was necessary by requiring the jury to believe beyond every reasonable doubt that the defendant had both deserted and refused to provide for the support and maintenance of his said child. Then, too, there was no proof that he had deserted his child, but such proof as he was permitted to offer as to the facts and circumstances under which he failed to live with and support his child tended to prove that he was kept away from the child while it and its mother resided with the maternal grandmother, and that he was kept away from it by repeated personal assaults committed on him by his brother-in-law. We are of the opinion that it was error to exclude this testimony in view of the fact that the indictment charged that he both deserted and failed to provide for the support and maintenance of the child, and the case was submitted to the jury upon that theory.

Moreover, while the prosecution was permitted to introduce the divorce proceedings brought by the child's mother against the accused, showing that a decree of divorce was rendered in favor of the wife in April 1944, and to introduce other proof tending to show that he had neglected and failed to support and maintain the child for a period of nearly four and a half years, the accused was not permitted to show the surrounding facts and circumstances in regard to his alleged desertion of the child and of his failure to support and maintain it, except during the period of two years prior to the return of the indictment, upon the theory that under Section 2437, Code of 1942, the prosecution was confined by such statute of limitations for what he had done or failed to do during the said two-year period. We think that the testimony offered by the prosecution was competent, since the alleged offense is a continuing one under the holding of this Court in the case of Horton v. State, 175 Miss. 687, 166 So. 753, and that it was also competent for the accused to offer any evidence in defense of the charge of desertion and as to whether he had wilfully neglected and refused to support and maintain the child during the 4½ year period complained of by the state.

In the case of Page v. State, 160 Miss. 300, 133 So. 216, the burden of proving that there had been a willful neglect or refusal to support and maintain the child was upon the state, and not on the accused to prove that his action was excusable or justifiable in such neglect or refusal. Cf. Clark v. State, 181 Miss. 455, 180 So. 602.

The decree of divorce rendered on April 25, 1944 awarded the permanent care and custody of the child to its mother, and further provided that the defendant should pay to her, instead of to the clerk of the court, the sum of $60 per month as alimony for the support of both the wife and child; and the record discloses that she married again in August 1944, and that he was not, therefore, due to pay alimony thereafter for the support

of his wife and child, and would have been entitled to be relieved of the payment of a part of the alimony allowed if he had made proper application to the chancery court in that behalf.

It is suggested by the Assistant Attorney General that since under Section 159 of the State Constitution the chancery court is vested with full jurisdiction in matters of divorce and alimony, and such court had acquired jurisdiction in the matter prior to the commencement of this prosecution, any further proceedings in this criminal case should have been suspended in order that the chancery court might exercise its constitutional jurisdiction of compelling the performance of its decree and thereby better promoting the welfare of the child than could be by the imprisonment of its father in the state penitentiary.

However, the Constitution also vests in the criminal courts full jurisdiction for the prosecution of felonies, and a conviction in the case of Horton v. State, supra, was upheld even though the opinion of the court in that case discloses that the prosecution was based upon a failure to support and maintain the child where he failed to contribute support, except under compulsion by the chancery court. ██ ██ We are, therefore, not justified in holding that the county court should be denied the right to proceed with a new trial of this cause on remand. We merely reverse and remand the cause in order that the defendant may be allowed to show the full facts and circumstances as to whether he has either wilfully deserted or wilfully neglected and failed to provide for the support and maintenance of the child at any time prior to the return of this indictment against him.

██ ██ Moreover, it is incumbent upon the prosecution to show beyond every reasonable doubt that the child was left in destitute or necessitous circumstances, the proof in the record now before us only tending to show that it was in destitute or necessitous circumstances so

far as any contribution made to it by the defendant is concerned.

Then, too, we think that some of the rulings in the trial court in the presence of the jury, when sustaining the objections made to the testimony offered by the defendant, were calculated to be prejudicial to him as comments upon such testimony.

Reversed and remanded.