NOBLES *v.* STATE.

No. 39558          February 7, 1955          77 So. 2d 674

*Charles E. Conner,* Columbia, for appellant.

26

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

This is an appeal from a conviction of the crime of deserting, neglecting, and refusing to support minor children, as denounced by Mississippi Code of 1942, Section 2087.

Appellant, her husband, and children lived near Baxterville in Lamar County. In 1950, appellant and her husband, W. E. Nobles, father of the minor children, signed up for welfare payments, and thereafter appellant received from $20 to $40 per month welfare aid until the early part of 1953, when this aid was cut off because appellant was not staying at home with the children. In January, 1951, appellant, pursuant to an agreement with her husband that he would stay home and take care of the children while she worked, took a job at a garment plant in Columbia. She held this job, which paid from $150 to $200 per month, until February, 1953. Some time prior to September 22, 1952, appellant separated from her husband and thereafter lived away from the home; and on said date filed suit against her husband for divorce on the grounds of habitual cruel and inhuman treatment. She was granted a divorce on said grounds on February 22, 1954. The custody of the children, which appellant sought in her bill for divorce,

was not adjudicated at that time, pending a report from the welfare department. Later W. E. Nobles filed a petition for custody of the children, on which the Chancery Court, on July 8, 1954, entered a decree awarding custody of the children to W. E. Nobles, and enjoining the appellant from interfering with W. E. Nobles' custody and from visiting the children in their home, and providing for appellant to see the children under arrangements with one neighbor and W. E. Nobles. Appellant made proof that she was financially unable to attend the last hearing involving the custody of the children and it was tried in her absence, although her attorney was present. The proof on the part of appellant showed that after she lost her job with the garment plant in February, 1953, which was due to closing a part of the plant, that thereafter she did not have regular employment; that she worked at several cafes with the highest pay of $20 per week, and this not regularly; that from about the first of 1954, she had been working in a boarding house for her keep, with occasional jobs in a cafe.

The indictment was returned January 26, 1954, charging that the appellant "did then and there in said county and state, wilfully, unlawfully, and feloniously desert, neglect and refuse to provide for the support and maintenance of said children, leaving said children in destitute and necessitous circumstances." The date laid in the indictment was July, 1953.

■■ Section 2087 of the Code of 1942 states the offense therein denounced in three alternatives. See Horton v. State, 175 Miss. 687, 166 So. 753. These alternatives are joined in the indictment of appellant by use of the conjunction "and". The State did not charge the accused in the alternative, as it could have done, and thereby the State assumed the burden of proving the three alternatives as set out in the opinion in Horton v. State, supra. Williams v. State, 207 Miss. 816, 43 So. 2d 389. ■■ Appellant offered proof to negative the

charge of desertion by showing that she was forced to leave the home where her children and husband lived because of mistreatment by the husband. The lower court refused to admit such evidence, and this action is assigned as error. Inasmuch as desertion was part of the crime charged, this was error. The lower court did allow appellant to testify that she was threatened once with a knife and another time with a gun and was otherwise mistreated by her then husband; but would not allow the oldest daughter to testify at all on that issue. Under this indictment, the appellant should have been permitted to introduce any testimony she had tending to show she was justified in leaving the husband and children. See Williams v. State, supra.

██ ██ Appellant assigns as error the admission of testimony tending to show that she neglected the children and failed to provide for their support and maintenance after the date laid in the indictment and after the indictment was returned. The offense with which she was charged is a continuing one. Horton v. State, supra. ''Since the offense is a continuing one, as discussed in supra Section 92, evidence of accused's conduct or neglect of the child before and after the time charged is admissible to show intent and motive, and as tending to show the commission of the offense charged, and as to whether or not it was committed at or about the time charged.'' 67 C. J. S., Parent and Child, Sec. 97, p. 840. The lower court properly admitted such evidence.

Also assigned as error was the refusal of the lower court to grant the peremptory charge. A review of the evidence reveals that while the case for the State was weak, appellant was not entitled to a directed verdict.

██ ██ The court below overruled appellant's motion for a new trial. One of the grounds was that the verdict was against the overwhelming weight of the evidence. This action of the lower court is assigned as error. In order for appellant to be guilty of desertion, it must be

wilful and without justification. The decree of the Chancery Court in the divorce proceeding adjudicated that the husband of appellant was guilty of habitual cruel and inhuman treatment at some time prior to September 22, 1952. We do not here decide whether such adjudication was sufficient within itself to show that she was justified in leaving the homestead where the children were living. That point is not raised and is not briefed; but on the question of the unlawful and wilful desertion of the minor children, it is significant, especially in view of the refusal of the court to admit proof showing the circumstances under which appellant left the home, as mentioned hereinabove.

The State's proof that appellant neglected the children and refused to provide for their support and maintenance is not conclusive. Appellant could make more money than the husband. They both agreed that she should seek employment and the husband would do the housework and look after the children. Appellant got a job at Columbia which required her to be away at least during the daytime even before they separated. On the questions of neglect and refusal to support and maintain the children, the State's proof must be sufficient to show beyond a reasonable doubt a wilful neglect and wilful refusal to support the children; and wilful, in this statute, has been held to mean that the neglect and refusal was with a stubborn purpose, and without justifiable excuse. Page v. State, 160 Miss. 300, 133 So. 216. Such neglect and refusal to support involves proof of a negative, but the burden is on the State to make such proof. 67 C. J. S., Parent and Child, Sec. 97, p. 838. The State's proof consisted of the testimony of neighbors. They testified generally that appellant was not at home; that the children needed the mother there; that the father took care of the children the best he could; that as far as they knew, appellant had not sent groceries and clothing to the children; that the children were in

need at times and were supported to some extent by neighbors; that the husband, W. E. Nobles, was not physically able to do a full day's work. The probative value of the State's testimony was necessarily limited because of their lack of opportunity to personally know who supported the children.

On behalf of the appellant, the positive proof—her own testimony, and testimony of the oldest child, corroborated to some extent by others—was that as long as appellant held her job at the garment plant she fully supported the husband and all the children with her earnings. Appellant admitted that after she lost her job at the garment plant she had not had much to give the children; and the proof showed that after that time she had little remunerative employment, and what she had, paid small wages. There was testimony by the father of the children that after the divorce in February, 1954, until the trial in July, 1954, appellant had given the children nothing of consequence and had performed no services for them. But during that period the proof conclusively shows that appellant was working at a boarding house for her keep with only an occasional job at a cafe.

No purpose would be served by detailing the evidence. We conclude that the verdict of the jury was against the overwhelming weight of the evidence and for the reasons stated, the case is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle,* and *Arrington, JJ.,* concur.