FORTENBERRY *v.* STATE

No. 40061 April 16, 1956 86 So. 2d 663

*A. K. Edwards,* Mendenhall, for appellant.

*John H. Price, Jr.,* and *J. R. Griffin,* Asst. Atty. Generals, Jackson, for appellee.

LEE, J.

This is an appeal by Berry Fortenberry from a conviction and sentence of two years in the state penitentiary, under Section 2087, Code of 1942, for the desertion and willful neglect and refusal to provide for the support and maintenance of his four children under the age of 16 years.

The State's proof was to the effect that Fortenberry, a farmer, on September 6, 1951, before the completion of the harvest of his crop, deserted his wife, then pregnant, and his three children of tender ages, under the age of 16 years, and went to Texas. After the payment of the expenses, the wife realized only about $40.00 from the crop. The family's personal property consisted of canned fruits and vegetables, a sow, and a mule, which later died. Mrs. Fortenberry obtained a decree of divorce the following March, under the terms of which her husband was ordered to pay $40.00 a month for the support of the children. After the return of the indictment at the March 1954 term of circuit court, the case was continued on his agreement to pay the previously adjudged support money; but he actually paid only $40.00

thereon. The destitute children were supported by W. M. Smith, their grandfather, with whom they and their mother lived, and a contribution of $18.00 a month from the welfare agency. The defendant was shown to be a part-time employee of the national guard; that he drew a small pension check each month from the government; that he was able to work; and that he actually did some farm work.

The evidence for the defense was to the effect that Fortenberry went to Galveston, Texas, for an operation; that he had not been able to do any substantial work since; that he tried to get his family to come to him; and that he did not visit his children, or pay any further money toward their support because his wife's brother threatened him and said that they wanted no support from him. The State's evidence amounted to a denial of this version.

 The trial court overruled the defendant's demurrer, based on the contention that the indictment did not affirmatively charge that the accused was the father of the children. This action was assigned as error. While, under more exact pleading, the indictment should have charged that the defendant, being the father of children, naming them and giving their ages, did wilfully desert them, etc., following the language of the statute, yet it did charge that the defendant "did wilfully, unlawfully and feloniously, desert and wilfully neglect and refuse to support his minor children of the names and ages as follows", naming them and giving their ages. "His minor children" was sufficient to charge that he was the father of the children. Consequently the demurrer was properly overruled.

 The appellant contends that the court erred in permitting the State to adduce evidence as to the continued neglect and support of the children after the original desertion. This evidence was properly admitted because the offense here charged was a continuing one.

Horton v. State, 175 Miss. 687, 166 So. 753; Williams v. State, 207 Miss. 816, 43 So. 2d 389; Kelley v. State, 218 Miss. 459, 67 So. 2d 459. See also Myrick v. State, 212 Miss. 702, 55 So. 2d 426.

 ██ On the disputed issue of fact, the case was properly submitted to the jury and the trial court committed no error in overruling the defendant's requested peremptory instruction.

While the motion for a new trial did not assign, as a ground therefor, that the verdict was contrary to the great weight of the evidence, and the court could therefore ignore this assignment under the authorities, too numerous to mention, yet as a matter of fact, there is no substantial basis, from a consideration of the evidence, on which to hold that the verdict was contrary to the great weight of the evidence.

Under the instructions for the defendant, the State was required to prove beyond reasonable doubt both the wilful neglect and refusal of the defendant, and also that he had the financial ability, to provide for the support of his children.

It follows that the judgment of the circuit court must be affirmed.

Affirmed.

*McGehee, C.J.,* and *Roberds, Hall* and *Ethridge, JJ.,* concur.