## Lenoir *v.* State.

No. 41331          November 23, 1959          115 So. 2d 731

*Tate Thigpen,* Picayune, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

The indictment in this case charged the violation of Section 2087, Mississippi Code of 1942, in that appellant "did then and there wilfully, unlawfully and feloniously desert, wilfully neglect, and refuse to provide for the support and maintenance of his children under the age of 16 years, to-wit: Connie Lenoir and Steven Lenoir, leaving such children in destitute and necessitous circumstances," etc. It will be noted that the several acts or means of carrying out the crime denounced by this statute, which are connected in the statute with the disjunctive "or", are connected in the indictment with the conjunctive "and". The statute, Code Section 2087, is as follows:

"2087. Desertion and non-support of children under the age of sixteen years by a parent, a felony—punishment therefor.—Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony and on conviction thereof, shall be punished by a fine of not less than twenty-five dollars, nor more than five hundred dollars, or by imprisonment in the penitentiary not exceeding two years, or both, in the discretion of the court."

The proof failed to sustain the charge of desertion, within the ordinary meaning of that term. The jury returned a verdict of guilty and we are of the opinion that there was sufficient proof to sustain a finding that appellant refused to provide for the support and maintenance of his said minor children.

It is contended by appellant that since the State failed to prove desertion the case must be reversed under the authority of Williams v. State, 207 Miss. 816, 43 So. 2d 389, Nobles v. State, 223 Miss. 24, 77 So. 2d 674, and Whittington v. State, 228 Miss. 550, 88 So. 2d 115, in which cases we held that where the indictment charges the several acts which constitute the means of violating Code Section 2087 in the conjunctive, the State thereby assumed the burden of proving all three alternatives (as set out in Horton v. State, 175 Miss. 687, 166 So. 753). If we follow *Williams, Nobles* and *Whittington,* appellant would be entitled to a reversal, for desertion was not shown.

There is conflict and confusion in our cases brought about by the decisions in the three cases just mentioned. Those cases are in conflict with Clarke v. State, 181 Miss. 455, 180 So. 602; Myrick v. State, 212 Miss. 702, 55 So. 2d 426, and Kelly v. State, 218 Miss. 459, 67 So. 2d 459.

The indictment in Clarke v. State, supra, charged that the defendant wilfully and feloniously deserted and neglected three of his minor children under the age of sixteen year, and of having left them in destitute and necessitous circumstances. The Court said: ''Where the proof is sufficient, as in the case at bar, to show that there has been a wilful neglect to provide support and maintenance, it is not required that desertion be also shown, within the usual and ordinary meaning of that term.''

The rule announced in *Clarke* was approved in Myrick v. State, supra, and Kelly v. State, supra. In *Kelly,* appellant raised the question that the indictment charged desertion and neglect and failure to support conjunctively, and contended that since the proof failed to show desertion, the appellant was entitled to a reversal. The Court rejected this contention on the authority of *Myrick.*

It is a general rule that where a statute de-

nounces as an offense two or more distinctive acts, things, or transactions enumerated therein in the disjunctive, the whole may be charged conjunctively and the defendant found guilty of either one. Section 1798, Vol. 4, Wharton's Criminal Law and Procedure; 27 Am. Jur., Indictment and Information, Sec. 104. This Court seems to have followed this general rule in cases involving other statutes. Cf. State v. Sam, 154 Miss. 14, 122 So. 101; Sauer v. State, 166 Miss. 507, 144 So. 225; Turner v. State, 177 Miss. 272, 171 So. 21; Brady v. State, 128 Miss. 575, 91 So. 277; State v. Clarke, 97 Miss. 806, 52 So. 691; Coleman v. State, 94 Miss. 860, 48 So. 181, and West v. State, 49 So. 2d 271.

■■ There is no repugnancy in charging the alternatives in the conjunctive under Code Section 2087. We think the statute denounces only one offense, the gist of which is the wilful failure to provide for the support and maintenance of minor children under 16 years of age, leaving them in destitute or necessitous circumstances. Kelly v. State, supra. The means of carrying out the crime may be desertion, neglecting or refusing to provide for their support and maintenance.

As stated in Horton v. State, supra, the alternative means of carrying out the commission of the crime denounced by this State are as follows: (a) Any parent who shall *desert* his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony; (b) any parent who shall *wilfully neglect* his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony; (c) any parent who shall *refuse to provide for the support and maintenance* of his or her child or children under the age of 16 years, leaving such child or children in destitute or necessitous circumstances, shall be guilty of a felony.

It was the evident purpose of the legislature to provide a remedial statute for the protection of minor children under the age of 16 years. The alternatives in some respects overlap. The statute is designed to make it a felony to desert (or abandon) his children leaving them in destitute or necessitous circumstances. The second alternative was undoubtedly inserted in the statute to provide for a single act of neglect which would result in the leaving of the child in destitute or necessitous circumstances. This might not imply failure to provide food, shelter and clothing. It may include a single act of neglect such as failure to provide medical attention. The third alternative provides for punishment for refusal to support and maintain children without necessarily involving desertion or abandonment.

We think that the cases of Williams v. State, Nobles v. State and Whittington v. State, supra, were incorrectly decided and are in conflict with Clarke v. State, Myrick v. State, and Kelly v. State, supra, which latter cases were, in our opinion, correctly decided and which are in accord with the general rule in other jurisdictions and the rule applied by this Court in cases involving other statutes. Accordingly, we hereby overrule Williams v. State, Nobles v. State, and Whittington v. State, supra, insofar as those cases hold that when the indictment charges an accused with violating Code Section 2087 by joining the alternatives with the conjunctive "and," the State thereby assumes the burden of proving all of the alternatives as charged in the indictment.

We hold that when two or more of the alternatives, as set out herein, are alleged in the indictment in the conjunctive, the accused may be found guilty if the proof established all or either of the alternatives.

We have carefully considered the other assignments of error and while the proof is not as strong as in some of the reported cases, we think that a jury issue was

made and this Court cannot say that the verdict was contrary to the overwhelming weight of the evidence.

Affirmed.

All justices concur.