## ELLARD *v.* STATE

No. 42802 December 16, 1963 158 So. 2d 690

*John Gregg,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, P. J.

This is an appeal by Mrs. Angie Ellard from a judgment of the Circuit Court of Holmes County under which she was found guilty and sentenced for unlawfully giving or furnishing beer to a seventeen year old boy.

The indictment charged, in the disjunctive, the unlawful and willful sale, gift or furnish of a quantity of beer to the named person, under eighteen years of age. But the defendant made no attack thereon because of the disjunctive charge.

The evidence for the State was to the effect that Mike Kinnebrew and Charles Pritchard went into the cafe and store of the defendant around 9:30 o'clock on Friday evening, November 16, 1962; that they stepped up to the counter and ordered two quarts of Budweiser beer; that Kinnebrew, after handing the money to Pritchard for the purchase, walked away; that Pritchard gave the money to Sue Rigsby, a clerk, and she, in turn, handed it to the defendant who was sitting nearby at the cash register; that the defendant made the change and gave it to Sue Rigsby, who, in turn, handed it over to Pritchard; and that Pritchard, seventeen years of age, and Kennebrew, then left the building. Two

men, working under cover for the sheriff, and young Pritchard, testified to the foregoing facts.

. The testimony of the defendant was a categoric denial of the State's version, saying that no such act occurred. Her husband testified that it was impossible for the two State witnesses, sitting where they said they were, to see this alleged transaction. The evidence of an employee was of little corroborative value.

In the State's only given instruction, the jury was told that "if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Mrs. Angie Ellard, on November 16, 1962, unlawfully and wilfully did then and there sell, give or furnish a quantity of beer to one Charles Pritchard, a person under the age of eighteen years, then it is your sworn duty to find the defendant guilty, and the form of your verdict may be:

"We, the jury, find the defendant guilty as charged in the indictment."

The defendant was given eight instructions. One of these informed the jury that, unless it believed that the State had proved beyond a reasonable doubt that the defendant willfully and knowingly sold beer to a minor, then it should acquit her. Another instruction informed the jury that unless it believed, from the evidence beyond a reasonable doubt, that the defendant sold beer to Charles Pritchard, acting in his own behalf, and not as an agent for Mike Kinnebrew, it should return a verdict of not guilty.

Following the submission of the case, the return of the jury was as follows: "The Jury agrees that the defendant did give or furnish Charles Pritchard (a minor) beer.

"The Jury cannot agree that the State proved that the defendant sold said Charles Pritchard (a minor) beer."

The bill of exceptions, obtained at the instance of the defendant, shows that, following the above return, a juror, as spokesman for the panel, "advised the Court that they were unable to agree on anything except the foregoing," which referred to the jury's return.

This bill of exceptions also shows that "The Court then asked each juror in substance if the statement of Gaddis Young was a correct statement of the jury's position, and each juror answered in the affirmative."

The appellant has assigned and argued three alleged errors. Simply stated, those assignments charged that the return, which was made by the jury, did not find her guilty and was in fact an acquittal. Consequently the court should have discharged and not sentenced her. But at all events, the court was in error in overruling her motion for a new trial.

 █ Section 10223 1. (b), Code of 1942, Rec. makes it unlawful for the holder of a permit authorizing the sale of beer "to sell, give, or furnish any beer * * * to any person under the age of eighteen years." In other words, the statute makes the commission of each of these distinct acts a violation of the law. If all three acts are charged conjunctively, the jury may, for instance, find guilt on only one of the elements. In Lenoir v. State, 237 Miss. 620, 115 So. 2d 731, the Court said: "It is a general rule that where a statute denounces as an offense two or more distinctive acts, things, or transactions enumerated therein in the disjunctive, the whole may be charged conjunctively and the defendant found guilty of either one. Section 1798, Vol. 4, Wharton's Criminal Law and Procedure; 27 Am. Jur., Indictment and Information, Sec. 104. This Court seems to have followed this general rule in cases involving other statutes. Cf. State v. Sam, 154 Miss. 14, 122 So. 101; Sauer v. State, 116 Miss. 507, 144 So. 225; Turner v. State, 177 Miss. 272, 171 So. 21; Brady v. State, 128 Miss. 575, 91 So. 277; State v. Clarke, 97 Miss. 806, 52

So. 691; Coleman v. State, 94 Miss. 860, 48 So. 181, and West v. State, 49 So. 2d 271.''

■ ■ Consequently, where the indictment is based on § 10223 1. (b), supra, if it charges the unlawful sale, gift, and furnish of beer, the jury is authorized, if the evidence so warrants, to find guilt of the defendant as to the gift or furnish of beer.

The next question of concern is whether the language used by the jury constituted a verdict, and if so, the effect of such verdict.

The jury said it agreed that the defendant gave or furnished beer to the minor; but it did not agree that the State had proved that the defendant *sold* him the beer. According to the story as narrated by the State's witnesses, one can see how the jury might have reasonably had doubt as to whether the defendant actually sold beer to the minor, but no doubt whatever that she actually gave or furnished beer to him. Since the State's instruction was in the disjunctive sense, that is, ''sell, give, or furnish'', there was no occasion whatever for confusion to arise. The trial judge was evidently not confused about the matter since he did not suggest or require the jury to make any correction in its verdict. It is inescapable that, while the jury could not agree that the State proved that the appellant sold beer to the minor, they did agree that she gave or furnished it to him. This was clearly verified when the jurors were polled.

In the case of Wilson v. State, 197 Miss. 17, 19 So. 2d 475, the verdict of the jury was challenged because it said: ''We the jury agree that the defendant is guilty as charged.'' The opinion in that case, in holding that the verdict was sufficient, said in part: ''The general rule, as found in the texts, is that ordinarily the verdict is sufficient in form if it expresses the intent of the jury so that the court can understand it, 22 Eng. Pl. & Pr., p. 891; or that the test of the validity of a verdict

is whether or not it is an intelligible answer to the issues submitted to the jury, 64 C. J., p. 1067. In Benedict v. State, 14 Wis. 423, the verdict in a murder case was: 'The jury after deliberation agree that the said Samuel S. Benedict is guilty.' We quote, with approval, what the court said on page 428 of 14 Wis.:

" 'The verdict is sufficient in form. It cannot be that the law is so excessively exact in such matters that it makes a particular word so indispensable that another equally expressive cannot be used in its stead. The word "find" is more commonly used, but the word "agree", where employed with reference to the verdict of a jury, particularly in criminal cases, means precisely the same thing. Both signify that the jury, upon consideration of the evidence, have determined that the accused is guilty or not guilty of the crime charged. The word "agree" is almost invariably used when the jury are addressed upon the subject of their verdict. Mr. Chitty says (1 Chitty's Crim. Law, 635), that when the jury have come to a unanimous determination with respect to their verdict and return to the box to deliver it, the clerk then calls them over by their names and asks them whether they agree on their verdict; and it certainly cannot be a bad answer, if they reply that they do agree, and state what that agreement is.' " See also 23 A C. J. S., Criminal Law, § 1400, pp. 1067-1071.

The intent of the jury is to be arrived at by regarding the verdict liberally, with its reasonable intendments for the purpose of ascertaining its meaning. 53 Am. Jur., Trial, § 1036, pp. 716-717. When so viewed, the verdict in this case was responsive to and covered the offense which was charged. It was not a special verdict where the jury found the facts and referred the decision of the cause to the court. 53 Am. Jur., Trial, § 1063, p. 736. On the contrary, the jury found the facts and drew the legal conclusions, and "agreed", or found that the appellant had unlawfully

given or furnished beer to a seventeen year old boy. The second part of the return was mere surplusage. Traube ·v. The State, 56 Miss. 153.

From what has been said, it follows that this cause must be, and it is, affirmed.

Affirmed.

*Ethridge, Gillespie, McElroy and Brady, JJ.*, concur.