KELLEY *v.* STATE.

Oct. 26, 1953

No. 38818 40 Adv. S. 46 67 So. 2d 459

460

*J. R. Brannon* and *L. Percy Quinn,* Jackson, for appellant.

*John E. Stone,* Assistant Attorney General, Jackson, for appellee.

LOTTERHOS, J.

This appeal is from a conviction of desertion of, and willful failure to support, seven minor children under the age of sixteen years under Section 2087, Code of 1942.

Briefly summarized, the facts shown in the record are that Kelley, the appellant, and his first wife and their children resided in Hinds County prior to October, 1947. In that month his wife left Hinds County and took the children with her to Neshoba County, where she and they remained thereafter. They lived in Neshoba County in very poor circumstances and with only bare necessaries

of life, contributed to them largely by the charity of relatives, neighbors, and a church group. The mother of the children worked and earned small wages. Kelley continued to live in Hinds County, but on one or two occasions made short visits to Neshoba County. In October, 1950, which was the date of the offense as charged in the indictment, Kelley was employed by an oil company, and was earning wages of $272 per month, subject to slight variations from month to month; he had worked for the same company for several years. At that time he had married again, he and his first wife, the mother of these children, having been divorced after October, 1947, when she took the children to Neshoba County. In October, 1950, the date of the alleged offense, she had with her in Neshoba County seven of their children under 16 years of age. Appellant had one child by the second marriage, and, in October, 1950, he incurred hospital expenses on account of his second wife in the amount of approximately $29. In 1948 and 1949, Kelley had sent to his first wife varying amounts of money from time to time at the rate of about $50 per month, aggregating approximately $900. In the year 1950 appellant sent to the first wife $20 or $30 on one occasion and $25 on another, these payments being made in February and March of that year.

The indictment and prosecution were in Neshoba County, where the first wife and the minor children resided from and after October, 1947.

On this appeal, four alleged errors are argued. The first proposition urged by appellant is that the Circuit Court of Neshoba County had no jurisdiction of the case and that the offense, if any, was committed in Hinds County, where appellant resided. This question has been before the courts of other states many times under statutes of the type involved here. There is some difference of view among the courts as to where the offense is committed, that is, whether at the place where the husband

resides, or at the place where his minor children reside, in instances where the children have been removed from the locality where the family domicile was established. This difference of view is pointed out in 39 American Jurisprudence, Parent and Child, Section 117, and the majority (and, we think, the better) doctrine is discussed (page 786) as follows:

" * * * Except as indicated in the paragraph next following, however, venue of an offense under statutes punishing the desertion and non-support of children is generally determinable on the principle that such an offense is negative, consisting in the omission of a duty, and is therefore to be regarded as committed where the omission to perform that duty occurs, so as to authorize the prosecution of the offender at such place. This conceded, there is often a further question as to whether such place is where the parent is, or where the child is, at the time of the culpable omission of duty. One view is that the latter place may be treated, for venue purposes, as the place where the breach of duty constituting the offense occurs, whether the parent is resident or physically present there or not, on the theory either that the parent's duty of support is owed to his child or to the public at such place and should be discharged there, or that his neglect is effective upon the child there. The rule prevailing in the majority of jurisdictions accords with this view and is to the effect that the offender may properly be indicted and tried in the state or county where the child was living at the time of the culpable omission of parental duty, even though the accused was at another place during such time. Prosecution at such place is held proper where the child has been left therein by the deserting parent, who has removed to another place, where the child has been sent there by a parent who has remained elsewhere and failed to provide it with necessaries, and even, provided the parental duty continues under such circumstances, but not otherwise, where

the child has come there or been brought there without the consent of the parent and he, remaining elsewhere, has wrongfully omitted to provide for it while there. * * * ,,

 The gist of the crime is the willful failure to provide for the support and maintenance of the children, and the statutory offense is a continuing one. Horton v. State, 175 Miss. 687, 166 So. 753. The duty of support can only be performed by providing the money or necessary material means to the children at the place where they are residing, so that, if a father wrongfully fails to do what he should, it seems that his neglect is properly localized at the place where he should have made the support available. As was commented in Myrick v. State, 212 Miss. 702, 55 So. 2d 426, "even if the evidence tended to show * * * that the defendant's wife left the defendant's home in 1946 and moved herself and her children into her father's home without justifiable cause, such wrongful act on the part of the mother could not be imputed to the four small children, who were then too young to have any volition of their own, and such wrongful act on the part of the mother could not in any way relieve the defendant of his responsibility for caring for and supporting his said children." The offense being a continuing one, and the removal of the children from Hinds County to Neshoba County having no effect to relieve appellant of his responsibilities, it follows that his willful neglect of his duty to provide for their support in the latter county constituted an offense there. We conclude that the majority rule as reflected in the text of American Jurisprudence is sound, and should be followed. See State v. Gillmore, 88 Kan. 835, 129 Pac. 1123, 47 L. R. A. (N. S.) 217.

The next contention of appellant is that the evidence does not support the conviction and that he was entitled to a peremptory instruction. We find no merit in this argument. Without going into detail as to the proof

in this case, which has been briefly summarized, we call attention to the fact that the facts in the Myrick case, supra, were substantially the same as in the case at bar, and this Court held in that recent decision that the matter was properly submitted to the jury for solution. We might comment in this connection that it is clearly shown here that Kelley earned substantial wages in October, 1950, and for a long time prior thereto, and that, although he made what appears to be reasonable provision for his children in 1948 and 1949, yet he discontinued such support in 1950, except for a small amount in February and March of that year. It is shown that the children were in necessitous circumstances and suffered the loss of the reasonable support to which they were entitled. In this situation, the matter of guilt or innocence under the statute was for the jury's determination. At this point, it is also argued that since the alleged desertion and the alleged neglect or failure to support were charged in the indictment in the conjunctive rather than in the disjunctive, it was necessary for the state to prove desertion as well as neglect, and that the proof fails to show desertion, particularly in Neshoba County. However, we think that the Myrick case, supra, settles this proposition against the contention of appellant. In the course of the opinion in that case this Court said:

"We think that the element of desertion charged in the indictment was sufficiently proved by the evidence of the State's witnesses. * * * Desertion as an element in the crime charged in the indictment on which the defendant's conviction in this case rests is a willful forsaking and desertion of the duties of parenthood. Where minor children are involved there is a desertion when a father quits the society of his children and renounces the duties he owes them as a father."

It is further argued that Section 2087, Code of 1942, usurps the jurisdiction of the chancery court under the constitution and that this section may be invoked only

when the father flees the jurisdiction of the state. ■■■ We fail to see any merit in this proposition. As was commented in Williams v. State, 207 Miss. 816, 43 So. 2d 389: "However, the Constitution also vests in the criminal courts full jurisdiction for the prosecution of felonies, and a conviction in the case of Horton v. State, supra, was upheld even though the opinion of the court in that case discloses that the prosecution was based upon a failure to support and maintain the child where he failed to contribute support, except under compulsion by the chancery court. We are, therefore, not justified in holding that the county court should be denied the right to proceed with a new trial of this cause on remand."

The last contention of appellant is that the instruction for the state constitutes reversible error because of the fact that it fails to designate specifically the appellant, Kelley, as the person who, the jury must believe, did willfully desert and neglect the children. ■■■ A careful examination of this instruction convinces us that it was not misleading to the jury, and that the jury would necessarily understand therefrom that they must find that the appellant "did willfully and unlawfully desert and neglect said children and leave them in destitute and necessitous circumstances" or else vote an acquittal.

Without further comment, we conclude that the venue was properly laid in Neshoba County, that the circuit court of that county had jurisdiction to proceed with the trial, and that the record is sufficient to support the conviction by the jury.

Affirmed.

*Roberds, P. J.*, and *Kyle, Arrington,* and *Ethridge, JJ.,* concur.