EVANS *v.* STATE

No. 41985 December 4, 1961 135 So. 2d 174

*E. L. Lamar,* Pittsboro, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

Booker T. Evans was indicted and convicted in the Circuit Court of the First Judicial District of Chickasaw County of feloniously deserting and wilfully and feloniously neglecting or refusing to provide for the support and maintenance of one of his children under 16 years of age in violation of Section 2087, Mississippi Code of 1942.

The evidence shows that on May 1, 1952, the defendant was married to one Olivia Evans, had four children, and lived in Chickasaw County. About that date his home burned. On May 12, 1952, he joined the Army. His reason for joining the Army was that he had no job and nothing with which to support his family. At that time his wife was ill, presumably with tuberculosis, and she died around September 1952. One William Below (the brother

of Olivia) and his wife took the children into their home to care for them. An allotment was first made for the wife and children but after she died it was reduced and paid to Below for the children. The allotment was drawn from November 1952 to April 1953.

Prior to that time the defendant had remarried. After allotments were stopped, welfare payment were made for a while but such payments were then stopped and not resumed until a few months or a year before the trial of this cause. The testimony showed that the child had no money or property of any sort and the sole means of support was the welfare payments and the kindness of his uncle, Below. According to the State's evidence, the children, from 1953 to the time of this trial, were cared for by Below, part of the time as aforesaid receiving welfare payments. Defendant was discharged from the Army in 1954. Defendant admitted that he and his wife both worked, although his was part time and there is no reasonable explanation as to why he was not working continuously, nor as to why he did not contribute more during the time he was working.

Below testified that his home burned in 1956, and on this occasion the defendant gave him $40, and since that time had given an additional $10 and $6, making a total of $56 over the four years. The defendant claims that he wanted to take his children but Below would not let him have them. This is denied by Below and his wife. They say he never asked for the children until after he was indicted; that then he told them he would take the children rather than go to the penitentiary.

 █ Regardless of whether the evidence is sufficient to establish a wilful desertion in the beginning, it is clear that there was a jury issue as to his refusal and neglect thereafter to provide for the child. █ Under Lenoir v. State, 239 Miss. 798, 115 So. 2d 731, this would be suf-

ficient to sustain the conviction and the case is therefore affirmed.

Affirmed.

*McGehee, C. J.*, and *Kyle, Gillespie* and *McElroy, JJ.*, concur.