THOMAS *v.* STATE

No. 42810 December 20, 1963 159 So. 2d 77

*W. S. Murphy,* Lucedale, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Brady, J.

Appellant was indicted at the August 1961 term of the Circuit Court of George County for failing continuously since September 30, 1960, to provide for the

support and maintenance of his four minor children under the age of sixteen years. Appellant was arraigned and pled not guilty, but the date on which this occurred is not disclosed in the record. On February 5, 1963, appellant, who had no attorney to represent him, was convicted and sentenced to serve two years, the maximum penalty, in the State penitentiary. From this verdict and sentence he has perfected this appeal.

In his assignment of error appellant lists ten specific grounds. We shall discuss only those errors which we feel, after careful study of the record and pertinent authorities, merit close consideration and present appellant's strongest grounds for reversal.

Assignment of error number nine is as follows: "The burden was on the State to prove beyond a reasonable doubt the essential elements of the indictment to sustain a conviction and when the State failed to meet this burden, the Court below erred in not entering judgment of acquittal and discharge of appellant, defendant in the Court below."

The record discloses the following facts: Appellant was the husband of Annie Lou, who was the daughter of Larcene Miller; by said wife he had four minor children under the age of sixteen years, namely, Diane Thomas, age 12 years, Patricia Ann Thomas, age 11 years, Johnnie Lee Thomas, age 10 years, and Henrietta Thomas, age 6 years; that appellant's wife died in 1955 and at that time she, the appellant, and their aforesaid children were living with the said Larcene Miller. It appears that appellant provided for his four children up to September 30, 1960. Subsequent to this date, except for some clothes which he furnished the children at one Easter time and six dollars in cash, he has failed to provide anything for them, though he maintains otherwise. The record shows that State and Federal Welfare agencies have afforded the grandmother, the said Lar-

cene Miller, the sum of $41.00 per month and commodities for the maintenance of appellant's children.

The record fails to disclose that the children have suffered for food and clothes, and shows that they have resided continuously with their grandmother and they are and have been in school, except possibly the six-year old girl. The proof shows that appellant wisely left his children with Larcene Miller and asked her to keep them after his wife died. At one time he started to take them with him to Mobile, Alabama, which was one of the three places where he claims to have unsuccessfully sought to get a job and where he lives and boards with one Wilma Henry and her husband. Nothing came of this intention except the grandmother had to clean, press and pack all of the children's clothes for the trip which never materialized. The children asked him to let them stay with their grandmother and he complied with their request.

Appellant testified further that he had lost one eye, which is true, and because of that fact none of the insurance companies would clear him for employment because if he lost his other eye it would amount to total permanent disability. He had an operation in 1958 and he had not been able to work since November 1960, except for occasional odd jobs such as unloading or loading beer from box cars, for which he was paid for such "catching the corners" jobs six or seven dollars per box car. The jobs never lasted but one or two days a week. He testified that for twenty-six weeks he drew unemployment compensation of $12.00 per week subsequent to September 1960, but had never given his children any of this money because "he had to eat" and pay his landlady $5.00 per week for his room. The landlady, however, denied charging him for rent and that he had paid any; that she had purchased for him between $75 and $100 worth of clothes for his

children, corroborating the appellant, but she could not fix the time thereof.

Appellant testified further that he had diligently tried to get work but completely failed except for the "piddling" jobs, which fact his landlady of Mobile, Alabama, verified. He professed to care for his children, and explained his failure to visit and be with them was because he hated to be around them and not be able to provide for them. He claimed he had made money payments but he had no receipts as proof thereof. The record shows he failed to report to the county welfare agency as he had been instructed to do, or to answer its letters and demands.

Appellant does not give the names of any persons or companies he had unsuccessfully applied to for work, but locates them in Florida, Mobile, Alabama and Jackson, Mississippi. Nor does the appellee sufficiently show that appellant is, in spite of having lost an eye and undergone an operation because of some malady, an able bodied man capable of doing common labor, or that there is work available which did not interest him.

In passing, it is confounding that for almost three years the appellant has experienced apparently little want or hardship and yet evidently has done practically no work and has received only $12.00 a week for twenty-six weeks in said three years. We have indeed been shown a mystery.

The proof offered by the State in this cause is sufficient to create an issue of fact for the jury as to whether appellant deserted, neglected and refused to provide for his minor children of the ages aforesaid, and that said offense has continued since September 30, 1960, the date of the indictment.

The foremost issue now before this Court, which was not raised in the court below, and very likely because appellant was without counsel, which he now has, and

was forced to represent himself, which additional fact is now also assigned as error on this appeal and urged in appellant's brief, is the question which is found in all criminal cases, namely, did appellant feloniously commit the offense charged in the indictment and does the evidence in the case establish the guilt of the appellant beyond a reasonable doubt.

Both the State and the appellant concede that the gist of the offense with which appellant is charged is "wilful, felonious failure to provide for the support and maintenance" of minor children, leaving them in destitute and necessitous circumstances.

However, the State maintains that intent, a state of mind, cannot be proven, but must be inferred from the conduct of the appellant, and urges that criminal intent can be inferred by the jury from the intentional commission of an act in itself unlawful, citing Barcus v. State, 49 Miss. 17, 19 Am. Rep. 1; Heard v. State, 177 Miss. 661, 171 So. 775. The State asserts that its proof shows conclusively that the appellant had not supported his minor children, nor had he contributed in any large measure to their support since September 30, 1960, and since appellant claimed that he could not get work a question of fact was thus presented for the jury to consider under all of the evidence in the case, including his credibility, demeanor on the stand, and the reasonableness and plausibility of his claim.

The State cites in support of this contention Whittington v. State, 228 Miss. 550, 88 So. 2d 115, which case was affirmed. The State also cites Lenoir v. State, 237 Miss. 620, 115 So. 2d 731, which denounces but one offense, the gist of which is the wilful failure to provide for the support and maintenance of minor children and leaving them in destitute and necessitous circumstances.

As in the case at bar, the Lenoir case urges that it approves the joining in an indictment in the conjunctive of the several acts or means of carrying out the claim

denounced by Sec. 2087, Miss. Code of 1942, which are in the disjunctive in the statute. The appellant also recognizes as aforesaid that the gist of the offense charged is wilful failure to provide for the support and maintenance of minor children, and cites Horton v. State, 175 Miss. 687, 166 So. 753, which was given as authority in Lenoir v. State, supra, for the rule that under an indictment upon Sec. 2087, Miss. Code of 1942, when two or more of the alternatives are alleged in the indictment in the conjunctive, the accused may be found guilty if the proof establishes all or either of the alternatives, which are (1) shall desert, (2) wilfully neglect, and (3) refuse to provide for the support and maintenance. In each alternative, the basic failure must be charged and proven of leaving them in destitute or necessitous circumstances.

Appellant further asserts that the burden is on the State to prove one or more of the alternatives which was done in the *Whittington* case, but the State has failed to do so in the case at bar. It is urged by appellant that the proof in the Whittington case showed that Whittington was able bodied, physically sound, capable of working and earning wages in excess of $30.00 per week, and had worked for more than a year; that there was a wilful failure to provide support and maintenance for his minor children. Appellant concedes that the jury might reasonably infer intent on the part of defendant in the Whittington case, but the jury cannot infer as a fact that which is not supported by evidence or circumstances from which a reasonable inference can be drawn, citing Jones v. State, 172 Miss. 597, 161 So. 143, and urges that in the case at bar there is insufficient evidence to justify the conviction of appellant.

Appellant cites Evans v. State, 242 Miss. 428, 135 So. 2d. 174, and agrees that since the defendant therein and his wife were both working there was sufficient evidence to justify the jury in finding the defendant

refused and neglected to support his children, and that this case is clearly distinguishable from the case at bar. In deciding the aforesaid basic question presented in the case at bar it is unnecessary to consider any additional error urged by appellant.

 ██ In reference to any doubts as to whether a fair trial was obtained by the appellant in the court below, it should be noted that in Gordon v. State, (Miss.) 149 So. 2d 475, this Court concluded that in reviewing a conviction of a crime, any doubts should be resolved in favor of the integrity, competence and proper performance of the official duties of the judge and prosecuting attorney, and that this Court should give effect to all reasonable presumptions in favor of the rulings of the court below. We hold this to be a fair and proper conclusion and, therefore, if any doubts existed concerning the above noted essentials in the performance of official duties required of the trial judge and district attorney in the case at bar, which doubts we do not concede to exist herein, we could nevertheless properly under the ruling in Gordon v. State, supra, and the record herein resolve them in favor of the integrity, competence, and proper performance of the official duties of the aforesaid officers.

From what appears in the record, it is evidence that the lower court was anxious to protect appellant's rights and assist him in every way proper in his defense in the trial below, though the record is silent on whether before arraignment the trial court advised the appellant in simple language the true meaning of the indictment, or explained the fundamental steps in a trial, the essential motions which appellant should make as the trial progressed, including the motion for a peremptory instruction, and for a new trial. It is unnecessary to consider the foregoing questions or any other questions presented by the additional errors assigned, since there is one all-controlling question which must be resolved.

The inexorable issue is simply whether the appellant is guilty of the offense charged beyond a reasonable doubt. The record shows that the appellant fully appreciated the nature of his offense, and, in spite of his ignorance, sufficiently presented his evidence, which was in contradiction of the proof offered by the State, and thereby created valid issues of fact, under this type of indictment which we have held to be complex. Lambert v. State, 245 Miss. 227, 147 So. 2d 480.

Reviewing all the testimony in the case and authorities, together with briefs of counsel, we reach the conclusion that the guilt of the appellant was not established beyond a reasonable doubt. The authorities in support hereof are too numerous to list. It is, therefore, unnecessary to comment upon the other errors assigned herein, and this cause is reversed and remanded.

Reversed and remanded.

*Lee, P. J., and Ethridge, Gillespie and McElroy, JJ.,* concur.