Tommie A. JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

Leon STEWART, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18243, 18244.

United States Court of Appeals
District of Columbia Circuit.

Sept. 25, 1964.

Wilbur K. Miller, Circuit Judge, dissented.

See also, 120 U.S.App.D.C. ——, 344 F.2d 163.

Mr. Henry T. Rathbun (appointed by this court), Washington, D. C., for appellant in No. 18243, argued for both appellants.

Mr. Jack Marshall Stark (appointed by this court), Washington, D. C., was on the brief for appellant in No. 18244.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Gerald A. Messerman, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

Upon consideration of appellee's motion for leave to file a "supplemental memo-

randum," and for the reasons in our memorandum opinion filed simultaneously herewith, it is

ORDERED that the motion be denied without prejudice to a renewal of the motion upon the authentication of the exhibit to the "supplemental memorandum" in accordance with our memorandum opinion.

WILBUR K. MILLER, Circuit Judge, dissents.

MEMORANDUM OPINION

BAZELON, Chief Judge.

The Government moves for leave to file a supplemental memorandum submitted, in part, in answer to a question from the bench regarding a policeman's apparently false testimony at a preliminary hearing before the United States Commissioner. The suggestion of falsity arose from a reading of the Commissioner's summary of the hearing contained in the "Record of Proceedings" (Admin. Off. Form 100) filed with the District Court.

The Government now seeks to demonstrate the absence of any perjury by submitting an exhibit consisting of (1) what is asserted to be a photographically reproduced copy of the Commissioner's handwritten notes, containing much material not included in the filed "Record," and (2) a typewritten interpretation and elaboration of the notes. Neither part is signed nor sworn to, nor is it indicated whether any matter, such as the typewritten heading on the notes, was added after the hearing.

Rule 5(c), FED.R.CRIM.P., requires that "[a]fter concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court *all papers* in the proceeding * * *."

(Emphasis supplied.) The Manual for United States Commissioners[1] p. 23, states: "Immediately thereafter, the commissioner is required to transmit to the clerk of court *his file on the case,* including * * * his completed transcript which consists of verbatim copies * * * of all his successive docket entries in the case * * *." (Emphasis supplied). The Manual also states: "In the absence of a stenographer it is well for the commissioner to take such notes of the testimony and evidence and make such minutes of the proceeding as may be essential for the purpose of an adequate record." (p. 10.)

■■ Thus it is clear that the Commissioner has a responsibility to keep a detailed account of the proceedings before him, and to file that account with the clerk. The defendant, his then counsel or his later acquired counsel, or a court asked to consider a charged defect in the Commissioner's proceedings, should be able to judge from the record filed whether the proceedings were regular—*i. e.,* what warnings were given, what requests were made, what rulings were issued, what waivers were entered —and should be able to determine what the substance of the evidence on both sides was. In fairness to all parties, especially when the Government is represented by counsel and the defendant is not, as much information as possible should be recorded, and all that information should be contained in the typed "record" form, unless the Commissioner's notes themselves are filed.

In the present case, for instance, a lawyer entering the case shortly after the preliminary hearing might have concluded from the "record" that his client was being held pursuant to a finding of probable cause based on testimony by a witness who was perjuring himself or

1. Manual for United States Commissioners, prepared originally by a Committee of the Judicial Conference of Senior Circuit Judges and approved by the Conference at its meeting Sept. 27–30, 1943, as revised Sept. 1948 by the Director of the Administrative Office of the United States Courts.

who could have had no knowledge of the matters to which he was testifying. He might thus have sought habeas corpus to test the detention, or mandamus to re-open the Commissioner's proceedings. The District Court, the United States Attorney, and the United States Commissioner would have been put to the trouble of dealing with the matter until the true facts could be ascertained. Of course, this would all have been prevented from the beginning had the Commissioner's "record" included in full the contents of his notes of the testimony upon direct examination and upon cross-examination.

On the other hand, had such an attorney inspected the Form 100 to determine whether the proceedings were regular, he would *not* have seen that, in fact, before the defendants—as the form shows— "requested a hearing now," they also— according to the notes—had "Talked about Dwyers [attorneys named Dwyer?]" (bracketed words are from the elaboration), and about "Legal Aid," and "then asked purpose of hearing." Had this information appeared on the Form 100, the attorney would have been obligated to ascertain, by asking the defendants to amplify these specific references, whether they had intelligently waived their right to counsel.

██ If the material in the notes had been included on the Form 100 filed in the District Court, it would be properly before us in the record. In order for us to accept the lodged exhibit now, however, it must be properly authenticated. Thus we will not allow the supplemental memorandum to be filed without an affidavit showing that the photocopy is a true copy of the Commissioner's contemporaneous notes, with any subsequent additions specified, and that the interpretation of the notes is confirmed by the Commissioner.

WILBUR K. MILLER, Circuit Judge, dissents. He would affirm.

* Senior Circuit Judge WILBUR K. MILLER not participating.