Hugh Donald **EATON**, James Hoyle Eaton, and Cullen Alfred Baggett, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 25256.

United States Court of Appeals Fifth Circuit.

March 4, 1969.

revenue laws relating to distilled spirits. A jury trial resulted in a verdict of guilty on the first five counts. The sixth count was dismissed by the government.

The first count charged the three appellants (and one Eulice Grant Wills, who died after indictment but before trial) with a conspiracy in violation of Title 18 U.S.C. § 371, that is, possessing, selling, transporting and transferring distilled spirits in immediate containers not having stamps affixed thereto as required by law, in violation of Title 26 U.S.C. § 5604(a) (1). Eight overt acts allegedly occurring from March 19, 1966 through March 21, 1966, were charged as having been committed in furtherance of this conspiracy. The remaining counts charged substantive offenses under the internal revenue laws, in violation of Title 26 U.S.C. § 5604(a) (1) and Title 18 U.S.C. § 2. Counts two and three involved all appellants, while counts four and five named the appellant Baggett only. March dates were alleged in every count, except count five, which charged that Baggett had in his possession six gallons of nontaxpaid whiskey on May 19, 1966. The dismissed count (six) charged appellant James Hoyle Eaton with unlawfully and knowingly having in his possession a still and distilling apparatus without registering the same as required by law, in violation of Title 26 U.S.C. § 5601(a) (1).

An agent (Walter Yow) for the Alcohol Tax Unit testified at length concerning acts of the appellants during the month of March, 1966, which constituted more than sufficient evidence to establish appellants' guilt. It is true that such testimony was completely contradicted and refuted by witnesses for the appellants, but obviously the jury chose to believe the government's evidence.

Three specifications of error are urged by appellants. First, it is contended that the trial court erred in overruling the motion of appellant, Cullen Alfred Baggett, to suppress the fruits of a search of his home and curtilage by government agents; second, the trial court's action

Murray L. Williams, Water Valley, Miss., Thomas Comer, Booneville, Miss., for appellants.

H. M. Ray, U. S. Atty., William R. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before GOLDBERG and AINSWORTH, Circuit Judges, and SPEARS, District Judge.

SPEARS, District Judge:

Appellants were charged in a six-count indictment with violations of the internal

in overruling appellants' motion in arrest of judgment or, in the alternative, for a new trial, is contested; and third exception is taken to the court's action "in unduly restricting" the closing jury argument of counsel for the appellants. Finding no error in the case, we affirm.

## THE MOTION TO SUPPRESS

The argument in support of Baggett's motion to suppress the evidence obtained during a search of his home and curtilage on May 19, 1966, is to the effect that even though the arresting agents had obtained a search warrant, it was invalid because the facts set out in the affidavit executed before the Commissioner evidenced the occurrence of events which were so remote from the date of the making of the affidavit (approximately two months) as to raise a serious question with regard to the existence of probable cause. It is further argued by Baggett that even if it is conceded that a warrant had been issued for his arrest, the trial court should have refused to accord any merit to the arrest warrant in considering the motion to suppress, since it is apparent that at no time prior to the submission of the case to the jury was the arrest warrant and the complaint upon which it was issued, formally introduced into evidence. Government counsel, on the other hand, contend that the search was conducted incident to a lawful arrest made pursuant to a valid arrest warrant issued by a

United States Commissioner on the basis of a proper complaint charging Baggett with offenses against the internal revenue laws of the United States with respect to intoxicating liquor; but that even if it is assumed, for the purpose of argument, that both the search warrant and the arrest warrant were invalid the facts clearly show that the arrest of Baggett without a warrant was justified.

While the motion to suppress relates only to the offense charged against Baggett in count five of the indictment, the other appellants argue that the admission into evidence of the six gallons of nontaxpaid whiskey seized from Baggett on May 19, 1966, was highly prejudicial against them also.

It is apparent from a reading of the record that the trial court's decision to overrule Baggett's motion did not depend upon the existence of a valid search warrant, but rather upon the proposition that the search was conducted incident to a lawful arrest, and fell within the authorized perimeter of searches in that category. Since we agree with the conclusions of the trial court we do not find it necessary to examine into the question as to whether or not the search warrant was valid.

■■ Although the trial court considered the arrest warrant in connection with the appellants' motion in arrest of judgment, or in the alternative, for a new trial,[1] the record does not clearly

---

1. The trial court filed a memorandum opinion in which he stated the following: "Their (appellants') motion in arrest of judgment or, in the alternative, for a new trial is now before the court on briefs. Grounds assigned in this motion are denial of motion for judgment of acquittal made at the conclusion of the evidence; the verdict was contrary to the overwhelming weight of the evidence; the verdict was not supported by sufficient evidence to convict beyond all reasonable doubt and the claimed wrongful admission of certain testimony concerning the search of the defendant Cullen Alfred Baggett's residence and curtilage and the untaxed whiskey found there. The short answer as to the first three grounds is that the evidence was sharply conflicting

with that for the government, if believed, being more than sufficient to establish guilt and that for defendants being sufficient, if believed, to show innocence or at least to raise a reasonable doubt of guilt. Obviously, the jury accepted the evidence of the government as true which they had a right to do as the triers of fact. Moreover, the evidence for the prosecution, on consideration of this motion, must be viewed in its most favorable light. Additionally, these three grounds are not urged seriously in defendants' brief. In these circumstances, the court considers these three grounds as pro forma and not well taken.
"The fourth ground assigned would require that the motion be sustained if defendants' position with respect thereto

indicate whether the warrant, and the complaint upon which it issued, were a part of the record when the trial court considered Baggett's motion to suppress. However, it appears that one witness for the government made direct mention of the existence of a warrant of arrest, without objection, and no attempt was made to contest its existence or its validity until the question was raised for the first time on appeal. Furthermore, Rule 5(c) of the Federal Rules of Criminal Procedure, relating to proceedings before the United States Commissioner, provides in pertinent part that: "After concluding the proceeding the commissioner *shall* transmit forthwith to the clerk of the district court all papers in the proceeding * * *" (emphasis supplied). In Johnson v. United States, 120 U.S.App.D.C. 67, 344 F.2d 161, at 162 (1964), the Court said: "* * * it is clear that the Commissioner has a responsibility to keep a detailed account of the proceedings before him, and to file that account with the clerk". In the absence of any evidence to the contrary (and none has been offered in this case), "it is, as a general rule, presumed that a public official properly and regularly discharges his duties, or performs acts required by law, in accordance with the law and the authority conferred on him, and that he will not do any act contrary to his official duty or omit to do anything which such duty may require". 31A C.J.S. Evidence § 146, at pages 322 and 325. Accordingly, if the trial judge has in fact grounded his decision to overrule the motion to suppress, upon the existence of a valid warrant of arrest, such a course of action has not been shown to be "plain error," notwithstanding the fact that the warrant of arrest and the complaint on which it was issued, were not formally introduced into evidence upon a trial of the cause. *See* White v. United States, 216 F.2d 1 (5th Cir. 1954).

 The government's alternative position with regard to the lawfulness of the arrest, and the search which followed, hinges on the premise that the arresting officers were authorized to arrest Baggett without a warrant and consequently, the search conducted incident to his arrest was permissible. Title 26 U.S.C. § 7608(b) (2) (B) authorizes an internal revenue enforcement officer "to make arrests without warrant for any offense

---

is sound. However, defendants misconstrue the factual situation. They bottom their argument upon the premise that the search of Cullen Alfred Baggett's home and a storage house immediately adjacent thereto was undertaken under the authority of a search warrant, when in fact the search was conducted as an incident to the arrest of Cullen Alfred Baggett by a Deputy United States Marshal under the authority of an arrest warrant which had been issued by a United States Commissioner in proper form upon the basis of a complaint, also in proper form, filed with him charging Cullen Alfred Baggett with offenses against the Internal Revenue Laws of the United States with respect to intoxicating liquor. Hence, the search of Cullen Alfred Baggett's residence and the building aforementioned (which was within about fifteen yards of the residence, if the testimony of the government witnesses is accepted), was made as an incident to the arrest of Baggett and not, as defendants contend, under the authority of a search warrant.

"It is elementary that the Fourth Amendment does not render invalid all searches and seizures made without a search warrant and that one of the permissible exceptions to permit a search without a warrant is where the search is incident to a lawful arrest. Certainly, the arrest of Baggett here was lawful. Carroll v. United States, 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543] (1925); Agnello v. United States, 269 U.S. 20 [46 S.Ct. 4, 70 L.Ed. 145] (1925) and United States v. Rabinowitz, 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653] (1950). Here, the arrest was made as aforementioned, and an immediate search was undertaken which discovered six gallons of untaxed whiskey in the building which was obviously a part of the residence premises. This was a reasonable and proper search which was an incident to a lawful arrest, and the evidence obtained thereby was entitled to go to the jury as evidence proper for the jury's consideration.

"Defendants' motion is not well taken, and an order will be entered to deny and overrule it in all of its aspects."

against the United States relating to the internal revenue laws committed in his presence, or for any felony cognizable under such laws if he has reasonable grounds to believe that the person to be arrested has committed or is committing any such felony * * *."

Specifically, the government says that the officers had reasonable grounds to believe that Baggett had committed felonies cognizable under the internal revenue laws. Certainly, the offenses for which he was arrested and now stands convicted were felonies. Inasmuch as "reasonable grounds" has been held to be the equivalent of "probable cause", it is appropriate to apply the "probable cause test" enunciated by the Supreme Court in Draper v. United States, 358 U.S. 307, at 313, 79 S.Ct. 329, at 333, 3 L.Ed.2d 327 (1959), wherein it was said: " * * * Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed". ATU agent Yow, not an informer, purchased non-tax liquor from the appellants on three different occasions in March, and in May of the same year personally went with the other officers to arrest the appellants for the felonies committed in his presence. Under the circumstances, even though the purchases took place some two months earlier the evidence was sufficient to support the trial court's conclusion with regard to the legality of the arrest. *See* Hagans v. United States, 315 F.2d 67 (5th Cir. 1963). Similarly, since the search and seizure incident to the arrest were substantially contemporaneous with, and were confined to the immediate vicinity of the arrest, the introduction into evidence of the whiskey obtained thereby did not violate Baggett's constitutional rights. *See* Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). By the same token, in view of the abundance of evidence tying the other appellants in with

the illegal whiskey transactions, we hold that they were not unduly prejudiced by the admission into evidence of the six gallons of nontaxpaid whiskey seized from Baggett on May 19, 1966.

## THE MOTION IN ARREST OF JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

Upon presentation of their motion to vacate the verdict of the jury and to grant them a new trial, all appellants urged (1) that the Court erred in denying the motion for acquittal made at the conclusion of the evidence; (2) that the verdict was contrary to the overwhelming weight of the evidence; (3) that the verdict of the jury was not supported by sufficient evidence to convict them beyond all reasonable doubt; and (4) that the Court erred in admitting certain testimony of ATU agent, William M. Pace, concerning the search of Baggett's residence and curtilage. In addition, appellants assign as error a charge given by the Court with regard to the weight of the evidence and credibility of the witnesses.

■ We have carefully read and studied the record in this case. In Glasser v. United States, 315 U.S. 60, at 80, 62 S.Ct. 457, at 469, 86 L.Ed. 680 (1942), the Court held that "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it". In criminal cases, "substantial evidence" means such relevant evidence as a reasonable mind might accept to support a conclusion of guilt beyond a reasonable doubt. Riggs v. United States, 280 F.2d 949, at 953 (5th Cir. 1960). Having reviewed the evidence under these applicable principles of law, we are convinced that there was sufficient evidence to sustain the verdict of the jury.

■ As to Baggett's contention that the trial court erred in admitting testimony concerning the search of his residence and curtilage, we have already held

that the motion to suppress was properly overruled. Neither appellant objected when, on only one occasion, the agent, William M. Pace, referred to the whiskey seized when Baggett was arrested. Under the circumstances, we find no error and overrule the contention.

■■ With respect to the assertion that the court erred in charging the jury, we note that Rule 30 of the Federal Rules of Criminal Procedure provides in pertinent part that: " * * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection". The record clearly reflects, and appellants so concede, that no exceptions were taken to any portion of the Court's charge to the jury. Furthermore, the charge as given, not only does not constitute plain error, but, rather it appears to be a full and fair statement of the law.[2]

2. The charge referred to was as follows: "Now, the weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all of the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side."

3. The record reflects the following with respect to the closing argument of appellants' counsel:
"Who knows where this whiskey came from?
Gentlemen, of the jury, let me put this other question to you. This stuff, vile as it is, just didn't happen.
THE MARSHAL:
Ten minutes, Mr. Williams.
MR. WILLIAMS:
There had to be a still somewhere, and don't you know, with the vast

## THE CLOSING JURY ARGUMENT

■ Finally, we fail to find support in the record for appellants' claim that the trial court unduly restricted the closing argument of their counsel.[3] To begin with, the time allotted to appellants' counsel, by agreement, had expired at the time of the alleged error. Moreover, the sixth count with respect to the still had already been dismissed, so the argument was clearly outside the record in the case. No exception was taken to the Court's ruling that the objection made to the argument was well taken. As a consequence, the third specification of error cannot be sustained as a deprivation of an accused's right to the effective assistance of counsel for his defense.

Having given careful consideration to appellants' assignments of error, in the light of the record and the applicable law, we are convinced that all are without merit and that the judgment in this case should be, and it is hereby, affirmed.

resources of the United States Government, —
MR. McGUIRE:
Object to that, your Honor.
MR. WILLIAMS:
—that they —
THE COURT:
What is your objection?
MR. McGUIRE:
To speculate that we could find a still, that the government could have found a still. There's nothing in the evidence to support that argument.
THE COURT:
The objection, I think, is well taken, Mr. Williams.
MR. WILLIAMS:
All right.
Gentlemen, I ask you to bring in a verdict of not guilty in behalf of all of these defendants, the three of them.
Thank you so much."