BRADY, Justice:
This is an appeal from the Circuit Court of Yalobusha County wherein the appellant, Billy Frank Rockett, was convicted of unlawfully, wilfully and feloniously deserting, neglecting and refusing to provide for his minor illegitimate children, all of whom are under the age of sixteen years, thereby leaving them in destitute circumstances. The appellant was sentenced to two years in Mississippi State Penitentiary, the second year to be suspended for good behavior. From this decision this appeal was taken.
The appellant assigns three errors. However, it will be necessary to consider only one. It is unnecessary for us to consider other errors assigned by appellant for the reason that the primary basic issue before this Court is the question which is found in all criminal cases, namely, did appellant feloniously commit the offense charged in the indictment and does the evidence in the case establish the guilt of the appellant beyond a reasonable doubt?
The record shows that the appellant fully appreciated the nature of his obligations and attempted to provide heat, food and clothing for his children and did so to a limited extent. The record discloses that the appellant earns about $150 per month out of which funds he must afford support for children by his legal wife and six children by Gertrude Owens plus himself and his wife. The record reflects that, considering his small income and the financial responsibility which he is bearing, he has made efforts to support his six children born by Gertrude Owens and afford support to others dependent upon him on the limited income which is available to him.
While it is true that his possession of beer and the fines therefor did not constitute a necessary part of his subsistence, and while it is true that he does not need the automobile on which he pays $44 per month purchase price installments together with approximately $16 per month gasoline, these facts in themselves, and the other evidence in this cause, do not furnish the necessary elements of felonious intent or establish a stubborn refusal to support the children beyond a reasonable doubt under our interpretation of Mississippi Code 1942 Annotated section 2087 (1956) as reflected in Thomas v. State, 247 Miss. 704, 159 So.2d 77 (1963); Kelley v. State, 218 Miss. 459, 67 So.2d 459, 44 A.L.R.2d 881 (1953); and Page v. State, 160 Miss. 300, *902 133 So. 216 (1931). Finally, the proof does not establish the fact that the six illegitimate children of the appellant were left in destitute or necessitous circumstances, which is remarkable since the appellant likewise apparently adequately provided for his legal wife and nine legitimate children which, of course, he is required to do. We feel that the charge, as set forth in these cases, is complex. The rule, which has been in force and effect in this State for many years, is a sound and reasonable interpretation of legislative intent, and because of the lack of proof in this case the judgment of the lower court is reversed and appellant is discharged.
Reversed and appellant discharged.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.